17 341
124a 530
17 341
39ap374

AMELIA KERR, Executrix and WALTER CARTER, Executor, etc. of HENRY A. KERR, Deceased, v. EDWARD H. DOUGHERTY, Trustee, etc., and others.

*Legacy — from what time interest allowed thereon.*

APPEAL from a judgment, entered upon the trial of this action by the court without a jury.

The action was brought for the purpose of obtaining a construction upon the will of Henry A. Kerr, deceased.

The court at General Term said : " After a careful examination of the questions presented in this case, we are satisfied that the decision of the Special Term is correct, and should be affirmed in every particular, except as to the period from which the interest should be allowed upon the legacies which are declared valid. Unless there is contained in a will a very clear declaration to the contrary, interest is allowable upon general legacies only from the expiration of one year from the time letters testamentary or of administration are granted. We do not discover in the will in question any provision which indicates that the testator intended to prescribe a period from which interest should be computed, different from that which the law fixes. The will contains the following declaration : ' The legacies are to be paid as soon as the amount can be collected out of the funds now invested on bond and mortgage at the city of Grand Rapids, Michigan.' In *Bradner* v. *Faulkner* (12 N. Y., 472), the direction was very similar to that which is quoted above from the will in question ; and it was decided that interest was chargeable only after the expiration of one year from the granting of letters testamentary. (See, also, 2 R. S., § 43 [Edm. ed.], p. 92), which provides " no legacies shall be paid by any executor or administrator until after the expiration of one year from the time of granting letters testamentary or of administration, unless the same are directed by the will to be sooner paid." (Redfield on Wills, vol. 2, p. 564, etc.; *Webster* v. *Hale*, 8 Vesey, Jun'r [Sum. ed.], 410 ; *Cooke* v. *Meeker*, 36 N. Y., 15.) The will in question contains no direc-

tion in regard to the payment of interest upon such legacies ; and the period when the money would be realized upon the Michigan securities was not stated in the will."

*George DeForest Lord,* for the plaintiffs. *B. F. Watson,* for A. E. Holahan, appellant.

*Thatcher M. Adams,* for the Union Theological Seminary and Presbyterian Board of Foreign Missions, respondent.

*M. M. Budlong,* for N. Y. Bible Society, appellant. *Walter Edwards, Jr.,* for Trustees General Assembly and others, appellant.

Opinion by INGALLS, J. ; DAVIS, P. J., and BRADY, J., concurred.

Judgment modified as directed, without costs.